**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| AMLIN CORPORATE INSURANCE N.V. and CG POWER SYSTEMS CANADA, INC., | ) ) ) ) | 8:10CV31 |
| Plaintiffs, | ) ) | |
| vs. | ) ) | **AMENDED FINAL PROGRESSION ORDER** |
| UNION PACIFIC RAILROAD COMPANY and BNSF RAILWAY COMPANY, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the Unopposed Motion to Extend Deadlines Set Forth in Final Progression Order (Filing No. 31).

**IT IS ORDERED:**

1.      **Mandatory Disclosures.**  The mandatory disclosures described in Fed. R. Civ. P. 26(a)(1) shall be completed by **May 31, 2010**.

2.      **Discovery Deadline.**  All discovery, whether or not intended to be used at trial, shall be completed by **May 30, 2011**.  All interrogatories, requests for admission and requests for production or inspection, whether or not they are intended to be used at trial, shall be served sufficiently early to allow rule time response before that date.  Counsel may stipulate to extensions of time to respond to discovery requests in accordance with Fed. R. Civ. P. 29, as amended, but such extensions shall not extend any of the dates in this order; any requests for extensions of any of the deadlines herein shall be made by appropriate motion and order.

3.      **Limits on Discovery.**  The maximum number of interrogatories, including subparts, that may be served by an party on any other party shall be that number

permissible under the Federal Rules of Civil Procedure with each party reserving the right to seek additional discovery by way of stipulation and order for good cause shown.  The maximum number of depositions that may be taken by plaintiffs and defendants shall be that number permissible under the Federal Rules of Civil Procedure with each party reserving the right to seek additional discovery by way of stipulation and order for good cause shown.   Depositions shall be limited by Rule 30(d)(2) without exceptions unless the parties' agreement otherwise is memorialized in a stipulation and order thereon, or by Motion.

4.      **Disclosure of Expert Witnesses.**[1]  On or before **May 15, 2011**, the plaintiff shall identify all expert witnesses and shall serve the defendant  with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rule 702, 703 or 705, Fed. Rules of Evidence.  On or before **May 15, 2011,** the defendant shall identify all expert witnesses and shall serve the plaintiff with the statement required by Fed. R. Civ. P. 26(a)(2) regarding each expert witness it expects to call to testify at trial pursuant to the provisions of Rules 702, 703, or 705, Federal Rules of Evidence. If necessary to refute the disclosed opinions of an expert witness of an opponent, a party may disclose additional expert witnesses not later than fifteen (15) days prior to the date set for completion of depositions, provided that the disclosing party then provides all of the information described in Fed. R. Civ. P. Rule 26(a)(2) and makes the expert witness available for deposition prior to the date set for completion of deposition.  Supplementation of these disclosures, if originally made prior to these deadlines, shall be made on these deadlines as to any information for which supplementation is addressed in Fed. R. Civ. P. 26(e).  The testimony of the expert at trial shall be limited to the information disclosed in accordance with this paragraph.

5.      **Pretrial Disclosures**:  Pursuant to Fed. R. Civ. P. 26(a)(3), each party shall provide to all other parties the following information regarding the evidence that it may

---

[1] Generally, a treating physician shall not be deemed to be "retained or specially employed to provide expert testimony in a case" within the meaning of Fed. R. Civ. P. 26(a)(2)(B), but a treating physician must be identified pursuant to Fed. R. Civ. P. 26(a)(2)(A).

present at trial other than solely for impeachment purposes as soon as practicable **but not later than the date specified**:

A.   **Nonexpert Witnesses - 30 days prior to deposition deadline:** The name, address and telephone number of each witness, separately identifying those whom the party expects to present and those whom the party may call if the need arises.

B.   **Deposition Testimony and Discovery - 5 days before final pretrial conference:** 1)  The portions of each deposition, designated by page and line, that it intends to offer and 2) each discovery response of another party it intends to offer.  Such designations and any objections thereto shall also be included in the final pretrial conference order.  **See** NELR 16.2.

C.   **Trial Exhibits - 5 working days before final pretrial conference:** A list of all exhibits it expects to offer by providing a numbered listing and permitting examination of such exhibits.   The parties shall also designate on the list those exhibits it may offer only if the need arises.

D.   **Waiver of Objections**:  Any objections to the use of witnesses, deposition designations, discovery responses, or exhibits shall be listed in the pretrial order.  Failure to list objections (except those under Fed. R. Evid. 402 and 403) shall be deemed waived, unless excused by the court for good cause shown.

E.   **Filing of Disclosures**:  The filing of pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be deemed filed at the time of the filing of the Order on Final Pretrial Conference in this matter.

6.   **Expert Witness Testimony.**   Any motion challenging the qualifications of an expert or the admissibility of testimony of an expert witness under Rule 702, Fed. Rules of Evidence shall be filed not later than **June 1, 2011**, in the absence of which any objection based upon said rule shall be deemed waived.  **See _Kumho Tire Co., Ltd. v. Carmichael_**, 526 U.S. 137 (1999); **_Daubert v. Merrell Dow Pharmaceuticals_**, 509 U.S. 579 (1993).

3

7.    **Rule 104 Hearings.**  Any pretrial motion which will require an evidentiary hearing pursuant to Fed. R. Evid. 104 shall be filed not later than five (5) working days following the deadline for the completion of depositions.

In addition, if the requested hearing involves a <u>Daubert - Kumho</u> question regarding an expert, the expert's disclosure under Fed. R. Civ. P. 26(2)(2)(A)&(B) must be submitted to Judge Strom's  chambers when the motion is filed.

**Absence of a request for a hearing may be deemed waiver of the right to a hearing.**  A brief in support and all material regarding the requested hearing must be delivered to Judge Strom's chambers when the Rule 104 hearing motion is filed.  Opposing parties are given ten (10) days thereafter to deliver briefs in opposition.

8.    **All**  motions for summary judgment shall be filed **on or before June  20, 2011**.  **See** NELR 56.1 and 7.1.

9.    **The Final Pretrial Conference** is set for **July 28, 2011** at **9:00 a.m.** before Judge Lyle E. Strom, in chambers, Suite 3190, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.  The final pretrial conference shall be attended by lead counsel for represented parties.  Counsel shall complete prior to the pretrial conference, all items as directed in NELR 16.2.  By the time of the pretrial conference, full preparation for trial shall have been made so that trial may begin at any time during the session indicated below.

10.    All other provisions of parties joint planning conference report not addressed in this order shall be deemed submitted and adopted by the Court.

11.    **Trial** is set to commence **at 9:00 a.m. on August 22, 2011,** in Omaha, Nebraska, before the Honorable Lyle E. Strom and a jury.

12.    **Adding Parties; Amending Pleadings.** Any motions to add parties or to amend pleadings to this action for the plaintiff shall be filed **on or before February 17, 2011;** any motions to add parties or to amend pleadings in this action for defendant shall be filed  **on or before February 17, 2011.**

4

      13.    **Motions to Alter Dates.**  All requests for changes of date settings shall be directed to the undersigned judge by appropriate motion.

      DATED this 18th day of August, 2010.

                              BY THE COURT:

                              s/ LYLE E. STROM
                              United States District Judge