## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **AMLIN CORPORATE INSURANCE** | ) | |
| **N.V. and CG POWER SYSTEMS** | ) | |
| **CANADA, INC.,** | ) | |
| | ) | |
| **Plaintiff(s),** | ) | **8:10CV31** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **UNION PACIFIC RAILROAD** | ) | |
| **COMPANY** | ) | |
| | ) | |
| **Defendant** | ) | |

## PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect the information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## PROTECTED INFORMATION SUBJECT TO THIS ORDER

1.      For purposes of this Order, "PROTECTED INFORMATION" is any information designated, in proper accordance with this Order, as "CONFIDENTIAL." Any PROTECTED INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter.

2.      "CONFIDENTIAL" information shall mean all information or material, and any copies thereof so designated, that is produced for or disclosed to a receiving party, that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research, development, technical, financial, or commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons; and that has been so designated by the producing party, unless a Court declares such information to not properly meet said descriptions.

## DESIGNATION OF PROTECTED INFORMATION

3.      Any document or tangible thing containing or including any PROTECTED INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" or by identifying it in a written communication as "CONFIDENTIAL."

4.      At the request of any party, the original and all copies of any deposition transcript, in whole or in part, may be designated as "CONFIDENTIAL."

   a. At any time during the deposition and at the request of any party, the deposition transcript or a portion thereof shall be marked by the reporter with the appropriate "CONFIDENTIAL" designation.  Any portions so designated shall thereafter be treated in accordance with the terms of this Order.
   b. Any party may designate a deposition transcript or a portion thereof with the appropriate "CONFIDENTIAL" designation within 30 days after first receiving a formal copy of the same transcript from the deposition service by informing all other parties in writing.
   c. All parties shall treat an entire deposition transcript as designated "CONFIDENTIAL" for 30 days after first receiving a copy of said transcript.

5.      All PROTECTED INFORMATION not reduced to documentary, tangible or physical form or that cannot be conveniently designated as set forth herein, shall be designated by the producing party by informing the receiving party of the designation in writing.

6.      Any documents (including physical objects) made available for initial inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute PROTECTED INFORMATION and shall be subject to this Order.  Thereafter, the producing party shall have 30 days to review and designate the appropriate documents as "CONFIDENTIAL."

### PERSONS AUTHORIZED TO RECEIVE PROTECTED INFORMATION

7.      Counsel for a receiving party and the parties shall have access to the producing party's PROTECTED INFORMATION.  The term "Counsel" shall mean outside or in-house attorneys for the parties working on this litigation, including supporting clerical personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks, shorthand reporters, and hired experts or consultants, provided that said experts or consultants also agree in writing to protect PROTECTED INFORMATION.

### CHALLENGES TO PROTECTED INFORMATION DESIGNATIONS

8.      The parties will use reasonable care when designating documents or information as "CONFIDENTIAL."  Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as "CONFIDENTIAL" have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the "CONFIDENTIAL"

designation with respect to any document or information contained therein.

9.     A party shall not be obligated to challenge the propriety of a "CONFIDENTIAL" designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve disputes promptly and informally.

10.     If an agreement cannot be reached between the parties, the receiving party shall request that the Court cancel or modify a "CONFIDENTIAL" designation.  The producing party shall be given at least 10 days notice prior to any hearing or ruling by the Court.

11.     The receiving parties will treat all information as they are designated by the producing party until the parties reach an agreement or until the Court cancels or modifies the designation.

### LIMITATIONS ON THE USE OF PROTECTED INFORMATION

12.     PROTECTED INFORMATION shall be held in confidence by each person to whom it is disclosed, shall be used by the receiving party only for the purposed of conducting this litigation, and shall not be disclosed by the receiving party to any person who is not entitled to receive such information as herein provided.

13.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court that have been designated "CONFIDENTIAL" or that contain information so designated, shall be filed under seal. However, parties must obtain leave of Court before filing any document under seal.  If

leave is granted, parties must file redacted copies with the Clerk of the Court.

14.     Any materials filed under seal shall be filed in conformance with the procedures permitted by the United States District Court for the District of Nebraska.

## MISCELLANEOUS PROVISIONS

15.     Any requirement herein may be waived, in whole or in part, but only by a writing signed by the attorney-in-charge for the party against whom such waiver will be effective.

16.     Within 60 days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted between two parties in this action, each party shall, at its option, either return to the producing party or destroy all physical objects and documents which embody PROTECTED INFORMATION, and shall destroy in whatever form stored or reproduced, all other physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to PROTECTED INFORMATION; provided that all PROTECTED INFORMATION, not embodied in physical objects and documents, shall remain subject to this Order.  Notwithstanding the foregoing, counsel shall be entitled to maintain all pleadings, motions, and trial briefs (including all supporting and opposing papers thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial.

17.     This Order is entered without prejudice to the right of any party to apply to this Court at any time for additional protection or to relax or rescind the restrictions of this Order when convenience or necessity requires.

IT IS SO ORDERED, with the consent of the parties, this 24th day of March, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

**ATTACHMENT A**

### Confidentiality Agreement

I, _____, state:

1. I reside at _____ .

2. My present employer is _____ .

3. My present occupation or job description is _____ .

4. I have read the Stipulated Protective Order dated _____, and have been engaged as a _____ on behalf of _____ in the preparation and conduct of litigation between Plaintiffs Amlin Corporate Insurance, N.V. and CG Power Systems Canada, Inc. and Defendants Union Pacific Railroad Company and BNSF Railway Company.

5   I am fully familiar with and agree to comply with and be bound by the provisions of said Order.   I understand that I am to retain all copies designated as "CONFIDENTIAL" or containing PROTECTED INFORMATION in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing PROTECTED INFORMATION are to be returned to counsel who provided me with such material.

6. I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.   I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

7.  I hereby consent to personal jurisdiction and venue in the United States District Court for the District of Nebraska for the purposes of enforcing said Order.

8.  I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 200__.

_____

F:\WP-DOCS\0503.17\111510 Proposed Protective Order.doc